**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **NOVACLOUD LICENSING, LLC,** | |
| **Plaintiffs,** | **Civil Action No. _____** |
| **vs.** | |
| **META PLATFORMS, INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff NovaCloud Licensing, LLC files this Complaint for Patent Infringement against Defendant Meta Platforms, Inc., and alleges as follows:

### NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

2.      Meta has infringed and continues to infringe at least one claim of U.S. Patent No. 8,145,721 ("the '721 Patent").

3.      Meta has infringed and continues to infringe at least one claim of U.S. Patent No. 8,401,028 ("the '028 Patent").

4.      Meta has infringed and continues to infringe at least one claim of U.S. Patent No. 8,949,206 ("the '206 Patent").

5.      Meta has infringed and continues to infringe at least one claim of U.S. Patent No. 9,654,333 ("the '333 Patent").

6.      Meta has infringed and continues to infringe at least one claim of U.S. Patent No. 10,225,173 ("the '173 Patent").

7.     With knowledge of the '721, '028, '206, '333, and '173 Patents (collectively, the "Asserted Patents"), Meta infringes directly, literally and/or by the doctrine of equivalents, and/or induces infringement of the Asserted Patents by developing, making, using, selling, offering for sale, and/or importing into the United States products, infrastructure, and/or services that incorporate the patented technology.

8.     NovaCloud seeks damages and other relief for Meta's infringement.

**THE PARTIES**

9.     Plaintiff NovaCloud Licensing, LLC is a Delaware limited liability company with its principal place of business at 530 Lytton Avenue, 2nd Floor, #2104, Palo Alto, CA 94301.

10.     NovaCloud was formed in 2024 to take ownership of and provide access to the fundamental patented technology that emerged from Ericsson's pioneering research in cloud computing, networking, and content delivery.[1] This technology is integral to today's Infrastructure-as-a-Service and Platform-as-Service cloud computing platforms, content delivery networks, and datacenters and, as such, underpins many of the consumer-facing technologies and services people use daily, such as file storage and access, streaming services, cloud-based Software-as-a-Service applications, and communication and collaboration tools.

11.     Defendant Meta Platforms, Inc. is a Delaware corporation with its principal place of business at 1 Meta Way, Menlo Park, CA 94025.

12.     Meta may be served through its registered agent Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

13.     On information and belief, Meta makes, uses, sells, offers for sale, and/or imports

---

[1] https://www.novacloudllc.com/#portfolio.

into the United States, including in this District, products and services, including without limitation, Facebook, Instagram, Threads, Messenger, and WhatsApp.

14.     NovaCloud first approached Meta to discuss a license for NovaCloud's patent portfolio in June of 2024. To date, no license agreement has been reached.

## JURISDICTION AND VENUE

15.     This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code, including 35 U.S.C. § 271.

16.     The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

17.     This Court has personal jurisdiction over Meta. Meta is organized under the laws of the State of Delaware, and it maintains a registered agent in Delaware. Meta further has continuous and systematic business contacts with the State of Delaware. Meta, directly or through subsidiaries or intermediaries, conducts its business extensively throughout Delaware, by offering for sale, selling, and advertising its products and/or services in the State of Delaware.

18.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Meta is incorporated in Delaware, and, as a result, resides in this District.

## THE '721 PATENT

19.     On March 27, 2012, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 8,145,721, entitled "Bit Streams Combination of Downloaded Multimedia Files," to inventors Andreas Olsson and Marten Sundberg. The '721 Patent issued from an application filed on March 1, 2007. A true and correct copy of the '721 Patent is attached as Exhibit 1 and incorporated by reference.

20.     NovaCloud owns the '721 Patent and all rights to the '721 Patent necessary to bring this action.

21.    Meta was made aware of NovaCloud's patent portfolio, including the '721 Patent, on February 26, 2024. Therefore, Meta has known of the '721 Patent since at least February 26, 2024.

22.    The '721 Patent discloses novel techniques for "downloading of multimedia files, and especially for making a more efficient use of available resources when downloading a multimedia file. Such as e.g. a music file." '721 Patent at 1:8-20.

23.    Pursuant to 35 U.S.C. § 282, the '721 Patent is presumed valid.

24.    Claim 1 of the '721 Patent reads as follows:

1. A method of downloading a multimedia file from a server to a user device, at least partly using a bandwidth limited connection, comprising the following steps:

a) connecting to said user device upon receiving a request for said downloading service from said user device,

b) receiving a request to download a multimedia file via two bit streams from said user device,

c) adapting said multimedia file for downloading via two bit streams, dividing said multimedia file into a first part, which is coded using a first coding, and into a second part, which is coded using a second coding, other that the first coding, wherein said first part is coded on the basis of the throughput requirements for streaming said first bit stream,

d) storing said first part and said second part,

e) setting up a first set of conditions for streaming said first part via a first bit stream, and a second set of conditions for downloading said second part via a second bit stream,

f) streaming said first part to said user device when said first set of conditions is fulfilled,

g) downloading said second part to said user device when said second set of conditions is fulfilled.

25.    A person of ordinary skill in the art reading the '721 Patent and its claims would understand that the patent's disclosure and claims are drawn to solving specific, technical problems

4

arising in the area of multimedia file downloading, and that the invention provides for advancements in the field that were not routine, well-understood or conventional. Accordingly, each claim of the '721 Patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent claiming an abstract concept. A person of ordinary skill in the art would understand that the ordered combination of claim elements is inventive. Further, the claimed improvements over prior art multimedia file downloading are concrete and improve the capabilities of existing methods.

26.    A person of ordinary skill in the art reviewing the specification of the '721 Patent would understand that the inventors had possession of the claimed subject matter and would know how to practice the claimed invention without undue experimentation.

## THE '028 PATENT

27.    On March 19, 2013, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 8,401,028, entitled "Selection of an Edge Node in a Fixed Access Communication Network," to inventors Attila Mihaly, Andras Csaszar, Oktavian Papp, and Lars Westberg. The '028 Patent issued from an application filed on January 23, 2008. A true and correct copy of the '028 Patent is attached as Exhibit 2 and incorporated by reference.

28.    NovaCloud owns the '028 Patent and all rights to the '028 Patent necessary to bring this action.

29.    Meta was made aware of NovaCloud's patent portfolio, including the '028 Patent, on February 26, 2024. Therefore, Meta has known of the '028 Patent since at least February 26, 2024.

30.    The '028 Patent discloses novel techniques wherein a "selection node receives from a host entity a request for a network service. The selection node then obtains, from at least one

5

further network node, data relating to a plurality of edge nodes. On the basis of the retrieved data, the selection node selects an edge node from the plurality of edge nodes, wherein the selected edge node provides a path between the host entity and the requested network service. The selection node then sends a response to the host entity, the response including information identifying the selected edge node." '028 Patent at 2:55-64.

31.     Pursuant to 35 U.S.C. § 282, the '028 Patent is presumed valid.

32.     Claim 1 of the '028 Patent reads as follows:

1.  A method for selecting an edge node from a plurality of edge nodes in a fixed access communications network, the method comprising:

a) at a selection node, receiving from a host entity a request for a network service;

b) obtaining, from a dynamically updated database, data comprising information relating to the status and capabilities of each edge node of the plurality of edge nodes;

c) on the basis of the retrieved data, selecting an edge node from the plurality of edge nodes, the selected edge node providing a path between the host entity and the requested network service; and

d) sending a response to the host entity, the response including information identifying the selected edge node.

33.     A person of ordinary skill in the art reading the '028 Patent and its claims would understand that the patent's disclosure and claims are drawn to solving specific, technical problems arising in the area of edge node allocation, and that the invention provides for advancements in the field that were not routine, well-understood or conventional. Accordingly, each claim of the '028 Patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent claiming an abstract concept. A person of ordinary skill in the art would understand that the ordered combination of claim elements is inventive. Further, the claimed improvements over prior art edge node allocation are concrete and improve the capabilities of existing methods.

34.     A person of ordinary skill in the art reviewing the specification of the '028 Patent would understand that the inventors had possession of the claimed subject matter and would know how to practice the claimed invention without undue experimentation.

## THE '206 PATENT

35.     On February 3, 2015, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 8,949,206, entitled "System and Method for Creating Multiple Versions of a Descriptor File," to inventor Sathiyamoorthy Dhanapal. The '206 Patent issued from an application filed on October 4, 2012. A true and correct copy of the '206 Patent is attached hereto as Exhibit 3 and incorporated herein by reference.

36.     NovaCloud owns the '206 Patent and all rights to the '206 Patent necessary to bring this action.

37.     Meta was made aware of NovaCloud's patent portfolio, including the '206 Patent on February 26, 2024. Therefore, Meta has known of the '206 Patent since at least February 26, 2024.

38.     The '206 Patent discloses novel techniques wherein a system "create[es] multiple descriptor files [and] avoids having to create multiple versions of the one or more master content files which saves time and reduces maintenance and storage costs." '206 Patent at 2:26-30.

39.     Pursuant to 35 U.S.C. § 282, the '206 Patent is presumed valid.

40.     Claim 1 of the '206 Patent reads as follows:

1. A system configured for creating multiple descriptor files, the system comprising:

a) a processor; and

b) a memory that stores processor-executable instructions therein where the processor interfaces with the memory and executes the processor-executable instructions to enable the following operations:

7

c) receiving one or more source descriptor files and associated adaptive bit rate segments for one or more master content files, wherein the one or more source descriptor files includes a media presentation which has multiple periods spliced together into specific time periods and refer to the associated adaptive bit rate segments;

d) receiving rules which provide details on how the multiple descriptor files are to be created;

e) creating the multiple descriptor files based on the rules and the one and more source descriptor files, wherein the multiple descriptor files include a media presentation based on the media presentation from the one or more source descriptor files, and wherein the creating operation is implemented by manipulating at least one of the one or more source descriptor files based on the rules without transcoding the one or more source descriptor files to an adaptive stream format and without generating new content files to create the multiple descriptor files; and

f) distributing one or more of the multiple descriptor files to one or more downstream systems.

41.     A person of ordinary skill in the art reading the '206 Patent and its claims would understand that the patent's disclosure and claims are drawn to solving specific, technical problems arising in the area of content management and delivery, and that the invention provides for advancements in the field that were not routine, well-understood or conventional. Accordingly, each claim of the '206 Patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent claiming an abstract concept. A person of ordinary skill in the art would understand that the ordered combination of claim elements is inventive. Further, the claimed improvements over prior art content management and delivery systems and methods are concrete and improve the capabilities of existing systems and methods.

42.     A person of ordinary skill in the art reviewing the specification of the '206 Patent would understand that the inventors had possession of the claimed subject matter and would know how to practice the claimed invention without undue experimentation.

8

**THE '333 PATENT**

43.     On May 16, 2017, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 9,654,333, entitled "Application Allocation in Datacenters," to inventors Joerg Niemoeller and Stephan Baucke. The '333 Patent issued from an application filed on October 6, 2010. A true and correct copy of the '333 Patent is attached hereto as Exhibit 4 and incorporated herein by reference.

44.     NovaCloud owns the '333 Patent and all rights to the '333 Patent necessary to bring this action.

45.     Meta was made aware of NovaCloud's patent portfolio, including the '333 Patent, on February 26, 2024. Therefore, Meta has known of the '333 Patent since at least February 26, 2024.

46.     The '333 Patent discloses novel techniques for application allocation that "account[s] for the network load that is required by an application for selecting a suitable processing unit within a datacenter." '333 Patent at 2:61-63.

47.     Pursuant to 35 U.S.C. § 282, the '333 Patent is presumed valid.

48.     Claim 1 of the '333 Patent reads as follows:

1.  An allocation entity of a datacenter, said allocation entity comprising at least one processor and a memory coupled to the at least one processor executing program code in the memory to perform operations:

a) to receive an application allocation request for deploying an application or a virtual image on which the application is installed onto one of a plurality of processing units of the datacenter, the application allocation request comprising application network load information that describes the application's demands on communication traffic in the datacenter after the application or the virtual image has been deployed onto the one of the plurality of processing units;

b) to acquire path network load information that indicates a network load of network paths to at least a part of the plurality of processing units; and

c) to select a processing unit from the plurality of processing units for deploying the application or the virtual image based on the application network load information and the path network load information;

d) to select the processing unit by comparing the application network load information to path network load information of network paths to each one of the plurality of processing units; and

e) to select the processing unit based on a least network load of the network paths to each one of the plurality of processing units.

49.     A person of ordinary skill in the art reading the '333 Patent and its claims would understand that the patent's disclosure and claims are drawn to solving specific, technical problems arising in the area of application allocation, and that the invention provides for advancements in the field that were not routine, well-understood or conventional. Accordingly, each claim of the '333 Patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent claiming an abstract concept. A person of ordinary skill in the art would understand that the ordered combination of claim elements is inventive. Further, the claimed improvements over prior art application allocation techniques are concrete and improve the capabilities of existing methods.

50.     A person of ordinary skill in the art reviewing the specification of the '333 Patent would understand that the inventors had possession of the claimed subject matter and would know how to practice the claimed invention without undue experimentation.

## THE '173 PATENT

51.     On March 5, 2019, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 10,225,173, entitled "Method to Provide Elasticity in Transport Network Virtualisation," to inventors Paola Iovanna, Teresa Pepe, and Fabio Ubaldi. The '173 Patent issued from an application filed on September 29, 2014. A true and correct copy of the '173 Patent is attached hereto as Exhibit 5 and incorporated herein by reference.

10

52.    NovaCloud owns the '173 Patent and all rights to the '173 Patent necessary to bring this action.

53.    Meta was made aware of NovaCloud's patent portfolio, including the '173 Patent, on February 26, 2024. Therefore, Meta has known of the '173 Patent since at least February 26, 2024.

54.    The '173 Patent discloses novel techniques for elasticity in network virtualization that "receiv[es] from network domains information about elasticity capability of physical paths in…network domains and summariz[es] physical paths in…network domains into virtual links. The method also comprises producing a topology of a virtual network overlaying the multi-domain network by associating elasticity parameters with the virtual links, wherein the elasticity parameters are inferred from the physical paths." '173 Patent at 2:6-13.

55.    Pursuant to 35 U.S.C. § 282, the '173 Patent is presumed valid.

56.    Claim 1 of the '173 Patent reads as follows:

1.    A method for providing support for elasticity in network virtualization of a heterogeneous, multi-domain network, the method comprising:

a) receiving, from a plurality of network domains in the heterogeneous, multi-domain network, information about elasticity capability of physical paths in the plurality of network domains, the elasticity capability comprising the ability of each one of the plurality of network domains to add or release physical resources to meet service requirements;

b) summarizing the physical paths in the plurality of network domains into at least one virtual link;

c) producing a topology of a virtual network overlaying the heterogeneous, multi-domain network by associating elasticity parameters with the at least one virtual link, wherein the elasticity parameters represent the elasticity capabilities of the physical paths.

57.    A person of ordinary skill in the art reading the '173 Patent and its claims would understand that the patent's disclosure and claims are drawn to solving specific, technical problems

11

arising in the area of elasticity in network virtualization, and that the invention provides for advancements in the field that were not routine, well-understood or conventional. Accordingly, each claim of the '173 Patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent claiming an abstract concept. A person of ordinary skill in the art would understand that the ordered combination of claim elements is inventive. Further, the claimed improvements over prior art network virtualization elasticity techniques are concrete and improve the capabilities of existing methods.

58.     A person of ordinary skill in the art reviewing the specification of the '173 Patent would understand that the inventors had possession of the claimed subject matter and would know how to practice the claimed invention without undue experimentation.

## META'S INFRINGEMENT

59.     As detailed below, each element of at least one claim of each of the Asserted Patents is literally present in Meta's products, infrastructure, and/or services. To the extent that any element is not literally present, each such element is present under the doctrine of equivalents. NovaCloud's analysis below should not be taken as an admission that the preamble for any claim is limiting. While NovaCloud cites publicly available information, NovaCloud may rely on other forms of evidence to show infringement.

60.     Generally, the Accused Infrastructure and Services for the Asserted Patents include Meta's datacenter and network infrastructure and video streaming services. Exemplary, non-limiting Accused Infrastructure and Services are identified in the attached claim charts.[2]

---

[2] The allegations provided are exemplary and without prejudice to NovaCloud's infringement contentions to be provided pursuant to the Federal Rules of Civil Procedure, the Court's scheduling order and/or local rules. NovaCloud's claim construction contentions regarding the meaning and scope of the claim terms will be provided under the Federal Rules of Civil Procedure, the Court's scheduling order and/or local rules. Identification of the Accused Infrastructure and Services, as

## COUNT I: INFRINGEMENT OF THE '721 PATENT

61.     NovaCloud incorporates by reference the preceding paragraphs as if fully stated herein.

62.     Meta has been and is now directly infringing and/or indirectly infringing the '721 Patent by way of inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, including by making, using, selling, and/or offering for sale in the United States or importing into the United States infringing products, infrastructure, and/or services, including at least the Accused Infrastructure and Services, and/or inducing others to do the same. Meta derives revenue from the activities relating to the Accused Infrastructure and Services. As explained below, these are covered by one or more claims of the '721 Patent, including but not limited to Claim 1. Claim 1 reads as follows:

> 1. A method of downloading a multimedia file from a server to a user device, at least partly using a bandwidth limited connection, comprising the following steps:
>
> a) connecting to said user device upon receiving a request for said downloading service from said user device,
>
> b) receiving a request to download a multimedia file via two bit streams from said user device,
>
> c) adapting said multimedia file for downloading via two bit streams, dividing said multimedia file into a first part, which is coded using a first coding, and into a second part, which is coded using a second coding, other that the first coding, wherein said first part is coded on the basis of the throughput requirements for streaming said first bit stream,
>
> d) storing said first part and said second part,
>
> e) setting up a first set of conditions for streaming said first part via a first bit stream, and a second set of conditions for downloading said second part via a second bit stream,

well as a complete list of the infringed claims, will be provided in NovaCloud's infringement contentions pursuant to the Federal Rules of Civil Procedure, the Court's scheduling order and/or local rules.

f) streaming said first part to said user device when said first set of conditions is fulfilled,

g) downloading said second part to said user device when said second set of conditions is fulfilled.

63.     The Meta Accused Infrastructure and Services meet all the limitations of at least Claim 1 of the '721 Patent. A chart presenting a non-limiting example of Meta's infringement of Claim 1 of the '721 Patent is attached to this Complaint as Exhibit 6.

64.     On information and belief, Meta also actively, knowingly, and intentionally induces infringement of one or more claims of the '721 Patent under 35 U.S.C. § 271(b) by actively encouraging others to make, use, sell, offer to sell, and/or import in the United States, the Accused Infrastructure and Services. *See* Ex. 6 (claim chart containing publications of Meta's Accused Infrastructure and Services).

65.     Meta's infringement is willful, deliberate, and intentional, and Meta is acting in reckless disregard of NovaCloud's patent rights. For example, Meta has known of the '721 Patent since at least February 26, 2024, as discussed above. Further, Meta is aware of the '721 Patent at least as of the filing of this Complaint.

66.     To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '721 Patent.

**COUNT II: INFRINGEMENT OF THE '028 PATENT**

67.     NovaCloud incorporates by reference the preceding paragraphs as if fully stated herein.

68.     Meta has been and is now directly infringing and/or indirectly infringing the '028 Patent by way of inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, including by making, using, selling, and/or offering for sale in the United States or

importing into the United States infringing products, infrastructure, and/or services, including at least the Accused Infrastructure and Services, and/or inducing others to do the same. Meta derives revenue from the activities relating to the Accused Infrastructure and Services. As explained below, these are covered by one or more claims of the '028 Patent, including but not limited to Claim 1. Claim 1 reads as follows:

> 1.  A method for selecting an edge node from a plurality of edge nodes in a fixed access communications network, the method comprising:
>
> a) at a selection node, receiving from a host entity a request for a network service;
>
> b) obtaining, from a dynamically updated database, data comprising information relating to the status and capabilities of each edge node of the plurality of edge nodes;
>
> c) on the basis of the retrieved data, selecting an edge node from the plurality of edge nodes, the selected edge node providing a path between the host entity and the requested network service; and
>
> d) sending a response to the host entity, the response including information identifying the selected edge node.

69.     The Meta Accused Infrastructure and Services meet all the limitations of at least Claim 1 of the '028 Patent. A chart presenting a non-limiting example of Meta's infringement of Claim 1 of the '028 Patent is attached to this Complaint as Exhibit 7.

70.     On information and belief, Meta also actively, knowingly, and intentionally induces infringement of one or more claims of the '028 Patent under 35 U.S.C. § 271(b) by actively encouraging others to make, use, sell, offer to sell, and/or import in the United States, the Accused Infrastructure and Services. *See* Ex. 7 (claim chart containing publications of Meta's Accused Infrastructure and Services).

71.     Meta's infringement is willful, deliberate, and intentional, and Meta is acting in reckless disregard of NovaCloud's patent rights. For example, Meta has known of the '028 Patent since at least February 26, 2024, as discussed above. Further, Meta is aware of the '028 Patent at

least as of the filing of this Complaint.

72.    To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '028 Patent.

## COUNT III: INFRINGEMENT OF THE '206 PATENT

73.    NovaCloud incorporates by reference the preceding paragraphs as if fully stated herein.

74.    Meta has been and is now directly infringing and/or indirectly infringing the '206 Patent by way of inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, including by making, using, selling, and/or offering for sale in the United States or importing into the United States infringing infrastructure and methods, including at least the Accused Infrastructure and Services, and/or inducing others to do the same. Meta derives revenue from the activities relating to the Accused Infrastructure and Services. As explained below, these are covered by one or more claims of the '206 Patent, including but not limited to Claim 1. Claim 1 reads as follows:

1. A system configured for creating multiple descriptor files, the system comprising:

a) a processor; and

b) a memory that stores processor-executable instructions therein where the processor interfaces with the memory and executes the processor-executable instructions to enable the following operations:

c) receiving one or more source descriptor files and associated adaptive bit rate segments for one or more master content files, wherein the one or more source descriptor files includes a media presentation which has multiple periods spliced together into specific time periods and refer to the associated adaptive bit rate segments;

d) receiving rules which provide details on how the multiple descriptor files are to be created;

16

e) creating the multiple descriptor files based on the rules and the one and more source descriptor files, wherein the multiple descriptor files include a media presentation based on the media presentation from the one or more source descriptor files, and wherein the creating operation is implemented by manipulating at least one of the one or more source descriptor files based on the rules without transcoding the one or more source descriptor files to an adaptive stream format and without generating new content files to create the multiple descriptor files; and

f) distributing one or more of the multiple descriptor files to one or more downstream systems.

75.    The Meta Accused Infrastructure and Services meet all the limitations of at least Claim 1 of the '206 Patent. A chart presenting a non-limiting example of Meta's infringement of Claim 1 of the '206 Patent is attached to this Complaint as Exhibit 8.

76.    On information and belief, Meta also actively, knowingly, and intentionally induces infringement of one or more claims of the '206 Patent under 35 U.S.C. § 271(b) by actively encouraging others to make, use, sell, offer to sell, and/or import in the United States, the Accused Infrastructure and Services. *See* Ex. 8 (claim chart containing publications of Meta's Accused Infrastructure and Services).

77.    Meta's infringement is willful, deliberate, and intentional, and Meta is acting in reckless disregard of NovaCloud's patent rights. For example, Meta has known of the '206 Patent since at least February 26, 2024, as discussed above. Further, Meta is aware of the '206 Patent at least as of the filing of this Complaint.

78.    To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '206 Patent.

## COUNT IV: INFRINGEMENT OF THE '333 PATENT

79.    NovaCloud incorporates by reference the preceding paragraphs as if fully stated herein.

80.    Meta has been and is now directly infringing and/or indirectly infringing the '333

Patent by way of inducement, literally and/or under the doctrine of equivalents, in violation of 35

U.S.C. § 271, including by making, using, selling, and/or offering for sale in the United States or

importing into the United States infringing infrastructure and methods, including at least the

Accused Infrastructure and Services, and/or inducing others to do the same. Meta derives revenue

from the activities relating to the Accused Infrastructure and Services. As explained below, these

are covered by one or more claims of the '333 Patent, including but not limited to Claim 1. Claim

1 reads as follows:

> 1.  An allocation entity of a datacenter, said allocation entity comprising at least
> one processor and a memory coupled to the at least one processor executing
> program code in the memory to perform operations:
>
> a) to receive an application allocation request for deploying an application or a
> virtual image on which the application is installed onto one of a plurality of
> processing units of the datacenter, the application allocation request comprising
> application network load information that describes the application's demands on
> communication traffic in the datacenter after the application or the virtual image
> has been deployed onto the one of the plurality of processing units;
>
> b) to acquire path network load information that indicates a network load of
> network paths to at least a part of the plurality of processing units; and
>
> c) to select a processing unit from the plurality of processing units for deploying
> the application or the virtual image based on the application network load
> information and the path network load information;
>
> d) to select the processing unit by comparing the application network load
> information to path network load information of network paths to each one of the
> plurality of processing units; and
>
> e) to select the processing unit based on a least network load of the network paths
> to each one of the plurality of processing units.

81.    The Meta Accused Infrastructure and Services meet all the limitations of at least

Claim 1 of the '333 Patent. A chart presenting a non-limiting example of Meta's infringement of

Claim 1 of the '333 Patent is attached to this Complaint as Exhibit 9.

82.    On information and belief, Meta also actively, knowingly, and intentionally induces

infringement of one or more claims of the '333 Patent under 35 U.S.C. § 271(b) by actively encouraging others to make, use, sell, offer to sell, and/or import in the United States, the Accused Infrastructure and Services. *See* Ex. 9 (claim chart containing publications of Meta's Accused Infrastructure and Services).

83.     Meta's infringement is willful, deliberate, and intentional, and Meta is acting in reckless disregard of NovaCloud's patent rights. For example, Meta has known of the '333 Patent since at least February 26, 2024, as discussed above. Further, Meta is aware of the '333 Patent at least as of the filing of this Complaint.

84.     To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '333 Patent.

## COUNT V: INFRINGEMENT OF THE '173 PATENT

85.     NovaCloud incorporates by reference the preceding paragraphs as if fully stated herein.

86.     Meta has been and is now directly infringing and/or indirectly infringing the '173 Patent by way of inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271, including by making, using, selling, and/or offering for sale in the United States or importing into the United States infringing infrastructure and methods, including at least the Accused Infrastructure and Services, and/or inducing others to do the same. Meta derives revenue from the activities relating to the Accused Infrastructure and Services. As explained below, these are covered by one or more claims of the '173 Patent, including but not limited to Claim 1. Claim 1 reads as follows:

1. A method for providing support for elasticity in network virtualization of a heterogeneous, multi-domain network, the method comprising:

a) receiving, from a plurality of network domains in the heterogeneous, multi-domain network, information about elasticity capability of physical paths in the plurality of network domains, the elasticity capability comprising the ability of each one of the plurality of network domains to add or release physical resources to meet service requirements;

b) summarizing the physical paths in the plurality of network domains into at least one virtual link;

c) producing a topology of a virtual network overlaying the heterogeneous, multi-domain network by associating elasticity parameters with the at least one virtual link, wherein the elasticity parameters represent the elasticity capabilities of the physical paths.

87.     The Meta Accused Infrastructure and Services meet all the limitations of at least Claim 1 of the '173 Patent. A chart presenting a non-limiting example of Meta's infringement of Claim 1 of the '173 Patent is attached to this Complaint as Exhibit 10.

88.     On information and belief, Meta also actively, knowingly, and intentionally induces infringement of one or more claims of the '173 Patent under 35 U.S.C. § 271(b) by actively encouraging others to make, use, sell, offer to sell, and/or import in the United States, the Accused Infrastructure and Services. *See* Ex. 10 (claim chart containing publications of Meta's Accused Infrastructure and Services).

89.     Meta's infringement is willful, deliberate, and intentional, and Meta is acting in reckless disregard of NovaCloud's patent rights. For example, Meta has known of the '173 Patent since at least February 26, 2024, as discussed above. Further, Meta is aware of the '173 Patent at least as of the filing of this Complaint.

90.     To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '173 Patent.

## DEMAND FOR JURY TRIAL

NovaCloud demands a trial by jury of any and all issues triable of right before a jury.

**PRAYER FOR RELIEF**

WHEREFORE, NovaCloud pray for the following relief:

A.      A judgment in favor of NovaCloud that Meta has infringed, directly and indirectly, by way of inducement, literally and/or under the doctrine of equivalents, the Asserted Patents;

B.      A judgment in favor of NovaCloud that Meta is infringing, directly and indirectly, by way of inducement, literally and/or under the doctrine of equivalents, the Asserted Patents;

C.      An order awarding damages sufficient to compensate NovaCloud for Meta's infringement of the Asserted Patents, but in no event less than a reasonable royalty, including supplemental damages post-verdict, together with pre-judgment and post-judgment interest and costs;

D.      A judgment that Meta's infringement has been willful;

E.      Enhanced damages pursuant to 35 U.S.C. § 284;

F.      Entry of judgment declaring that this case is exceptional and awarding NovaCloud its costs and reasonable attorney fees under 35 U.S.C. § 285;

G.      An accounting for acts of infringement;

H.      A judgment and order requiring Meta to pay NovaCloud compulsory ongoing post-verdict royalties;

I.      Such other equitable relief which may be requested and to which NovaCloud is entitled; and

J.      Such other and further relief as the Court deems just and proper.

Dated: May 30, 2025                          Respectfully submitted,

                                             FARNAN LLP

*Of Counsel*:                                */s/ Michael J. Farnan*
                                             Brian E. Farnan (Bar No. 4089)
John B. Campbell                             Michael J. Farnan (Bar No. 5165)
Stone A. Martin                              919 N. Market St., 12th Floor
MCKOOL SMITH, P.C.                           Wilmington, DE 19801
303 Colorado Street Suite 2100               Phone: (302) 777-0300
Austin, TX 78701                             Fax: (302) 777-0301
Telephone: (512) 692-8700                    bfarnan@farnanlaw.com
Facsimile: (512) 692-8744                    mfarnan@farnanlaw.com
jcampbell@McKoolSmith.com
smartin@McKoolSmith.com                      **ATTORNEYS FOR PLAINTIFF**
                                             **NovaCloud Licensing, LLC**
Kevin Burgess
MCKOOL SMITH, P.C.
104 East Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9002
Facsimile: (903) 923-9099
kburgess@McKoolSmith.com