# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| NOVACLOUD LICENSING, LLC,<br>                      Plaintiff,<br><br>   vs.<br><br>META PLATFORMS, INC.,<br>                      Defendant. | C.A. NO. 25-674 (MN)<br><br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Dated: August 21, 2025

*Of Counsel*:

John B. Campbell
Stone A. Martin
MCKOOL SMITH, P.C.
303 Colorado Street Suite 2100
Austin, TX 78701
Telephone: (512) 692-8700
Facsimile: (512) 692-8744
jcampbell@McKoolSmith.com
smartin@McKoolSmith.com

Kevin Burgess
MCKOOL SMITH, P.C.
104 East Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9002
Facsimile: (903) 923-9099
kburgess@McKoolSmith.com

Clara Bourget
MCKOOL SMITH, P.C.
300 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: (213) 694-1200
Facsimile: (213) 694-1234
cbourget@McKoolSmith.com

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market St., 12th Floor
Wilmington, DE 19801
Phone: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

ATTORNEYS FOR PLAINTIFF
NovaCloud Licensing, LLC

-i-

## TABLE OF CONTENTS

I.    NATURE AND STAGE OF THE PROCEEDINGS ............................................................. 1

III.    STATEMENT OF FACTS ................................................................................................. 2

IV.    LEGAL STANDARD ........................................................................................................ 2

V.    ARGUMENT ..................................................................................................................... 3

    A.    NovaCloud sufficiently pleaded indirect infringement of each of the Asserted Patents. ............................................................................................... 3

    B.    NovaCloud has sufficiently pleaded direct infringement of the '206 and '333 Patents. ............................................................................................................ 5

        1.    Even if the Court evaluates NovaCloud's pleading on an element-by-element basis, NovaCloud has sufficiently pleaded direct infringement of the '206 Patent. ................................................................... 8

        2.    Even if the Court evaluates NovaCloud's pleading on an element-by-element basis, NovaCloud has sufficiently pleaded direct infringement of the '333 Patent. ................................................................... 9

VI.    CONCLUSION .................................................................................................................. 9

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*AgroFresh Inc. v. Hazel Techs., Inc.*,
  No. 18-1486-MN, 2019 WL 1859296 (D. Del. Apr. 25, 2019) (Noreika, J.)...........................7

*AgroFresh, Inc. v. Essentiv LLC*,
  No. 16-662 (MN), 2019 WL 350620 (D. Del. Jan. 29, 2019) (Noreika, J.) ..............................4

*AlexSam, Inc. v. Aetna, Inc.*,
  119 F.4th 27 (Fed. Cir. 2024) ..............................................................................................2, 6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).................................................................................................................3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).................................................................................................................3

*Bot M8 LLC v. Sony Corporation of America*,
  4 F.4th 1342 (Fed. Cir. 2021) ..............................................................................................3, 5

*Connelly v. Lane Const. Corp.*,
  809 F.3d 780 (3d Cir. 2016)............................................................................................2, 3, 8

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
  888 F.3d 1256 (Fed. Cir. 2018)............................................................................................6, 7

*Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*,
  No. 18-098-MN, 2018 WL 6629709 (D. Del. Dec. 19, 2018) (Noreika, J.) ........................4, 8

*Nalco Co. v. Chem-Mod, LLC*,
  883 F.3d 1337 (Fed. Cir. 2018)................................................................................................5

*Promos Techs., Inc. v. Samsung Elecs. Co.*,
  No. 18-307-RGA, 2018 WL 5630585 (D. Del. Oct. 31, 2018) (Andrews, J.)..........................7

*TMI Sols. LLC v. Bath & Body Works Direct, Inc.*,
  No. 17-965-LPS-CJB, 2018 WL 4660370 (D. Del. Sept. 28, 2018) (Stark, J.)....................5, 7

**Other Authorities**

Fed. R. Civ. P. Rule 12(b)(6)..............................................................................................1, 2, 8

Fed. R. Civ. P. Rule 15(a)...........................................................................................................9

**I.     NATURE AND STAGE OF THE PROCEEDINGS**

On May 30, 2025, NovaCloud filed its Original Complaint alleging Meta's infringement of U.S. Patent Nos. 8,145,721 ("the '721 Patent"); 8,401,028 ("the '028 Patent"); 8,949,206 ("the '206 Patent"); 9,654,333 ("the '333 Patent"); and 10,225,173 ("the '173 Patent") (collectively, the "Asserted Patents"). D.I. 1. On August 7, 2025, Meta moved to dismiss under Rule 12(b)(6) NovaCloud's allegations of indirect infringement with respect to each Asserted Patent, and NovaCloud's allegations of direct infringement of the '206 and '333 Patents. D.I. 10.

**II.     SUMMARY OF THE ARGUMENT**

Meta is attempting to require NovaCloud prove its case at the pleading stage. This is improper.

NovaCloud sufficiently pleaded its indirect infringement allegations such that its claims are plausible on their face, as is required by *Iqbal/Twombly* and the Federal Circuit. NovaCloud alleged that Meta (1) has known of the Asserted Patents since at least February of 2024, (2) actively, knowingly, and intentionally induces infringement of the Asserted Patents, and (3) provides instruction, support, and technical assistance for the use of the Accused Infrastructure and Services by third-parties. D.I. 1, ¶¶64-65, 70-71, 76-77, 82-83, 88-89, Exs. 6-10. This is sufficient to satisfy the low threshold pleading standard for a complaint.

NovaCloud also sufficiently pleaded its direct infringement allegations for the '206 and '333 Patents such that its claims are plausible on their face, as is required by *Iqbal/Twombly* and the Federal Circuit. NovaCloud included as part of its Complaint through Exhibits 8 and 9 a claim chart detailing Meta's infringement of claim 1 of the '206 and '333 Patents respectively. Meta's assertions center on cherry-picked elements of claim 1 of the '206 and '333 Patents. Yet again, Meta expects NovaCloud to prove its case at the pleading stage. Further, Meta's attacks on individual elements of these two asserted patents fly in the face of Federal Circuit case law,

which provides that a plaintiff need not plead infringement on an element-by-element basis. *AlexSam, Inc. v. Aetna, Inc.*, 119 F.4th 27, 35 (Fed. Cir. 2024). NovaCloud's allegations in its Complaint and accompanying exhibits go above and beyond the level of specificity that this Court and the Federal Circuit have held to be sufficient. NovaCloud therefore respectfully requests that the Court deny Meta's Motion in its entirety.

## III.    STATEMENT OF FACTS

NovaCloud filed its Original Complaint in this action on May 30, 2025, alleging in detail Meta's infringement of five patents relating to various cloud computing, networking, and content delivery technologies. D.I. 1. In addition to alleging that Meta has been and is now directly and indirectly infringing the Asserted Patents, NovaCloud provided exemplary claim charts for each of the Asserted Patents. These charts map, in detail, each limitation of a representative claim of each Asserted Patent to Meta's Accused Infrastructure and Service. D.I. 1, Exs. 6-10. Within these charts, on a limitation-by-limitation basis, NovaCloud cited to publicly available Meta documentation and provided commentary to connect the limitation to the cited documentation. NovaCloud's well-pleaded Complaint, which includes its exemplary claim charts, put Meta on notice of its allegedly infringing activity.

Meta filed its Motion on August 7, 2025, alleging that NovaCloud has failed (1) to state a claim for indirect infringement with respect to all five Asserted Patents and (2) to state a claim of direct infringement for the '206 and '333 Patents.

## IV.    LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all factual allegations in the complaint and views them in the "light most favorable to the plaintiff." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and that a

recovery is very remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). To survive a motion to dismiss, a complaint need only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "*Twombly* and *Iqbal* expressly declined to exclude even outlandish allegations from a presumption of truth except to the extent they resembled a formulaic recitation of the elements of a . . . claim or other legal conclusion." *Connelly*, 809 F.3d at 789 (citation omitted). The standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 545.

## V. ARGUMENT

Meta does not seek to dismiss NovaCloud's direct infringement allegations as to the '721, '028, and the '173 Patents. *See* D.I. 10. Rather, Meta only seeks to dismiss (1) NovaCloud's indirect infringement allegations as to all Asserted Patents, and (2) NovaCloud's direct infringement allegations as to the '206 and '333 Patents. In support of its positions on both categories of allegations, Meta asks this Court to hold NovaCloud to a higher pleading standard than is required under *Iqbal*/*Twombly* and Federal Circuit case law. As such, the Court should deny Meta's Motion in its entirety.

### A. NovaCloud sufficiently pleaded indirect infringement of each of the Asserted Patents.

Meta's assertions of insufficiency with respect to NovaCloud's indirect infringement claims improperly attempt to require NovaCloud to prove its case at the pleading stage. *Bot M8 LLC v. Sony Corporation of America*, 4 F.4th 1342, 1346 (Fed. Cir. 2021) ("[P]atentees need not prove their case at the pleading stage."). As this Court is well aware, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

-3-

Twombly, 550 U.S. at 570). "[T]o state a claim of inducement sufficient to withstand a motion to dismiss, a plaintiff must plead facts that plausibly support an inference that the accused inducer 'specifically intended [another] to infringe the [patent] and knew that the [induced] acts constituted infringement.'" *AgroFresh, Inc. v. Essentiv LLC*, No. 16-662 (MN), 2019 WL 350620, at *2 (D. Del. Jan. 29, 2019) (Noreika, J.) (alterations in original) (quoting *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)). NovaCloud has satisfied this low threshold of sufficient pleading with respect to its allegations of indirect infringement.

NovaCloud has sufficiently pleaded that Meta specifically intends its third-parties to utilize the Accused Infrastructure and Services and knew that this use would constitute infringement. NovaCloud's well-pleaded Complaint alleges that "Meta also actively, knowingly, and intentionally induces infringement of one or more claims of the [Asserted Patents]." D.I. 1, ¶¶ 64, 70, 76, 82, 88. NovaCloud further alleges that "Meta has known of the [Asserted Patents] since at least February 26, 2024." D.I. 1, ¶¶ 65, 71, 77, 83, 89. Additionally, NovaCloud provided Meta with exemplary claim charts, discussed in further detail below, that cite repeatedly to publicly available Meta documentation that provides instruction, support, and technical assistance for the use of its infrastructure and services by third-parties. D.I. 1, Exs. 6-10. While this Court has held generic cites to the defendant's website to be insufficient, material that plausibly suggests inducement—such as the specific instructions as to how third-parties are to use specific products cited in NovaCloud's Complaint—are enough to support allegations of indirect infringement at the pleading stage. *Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*, No. 18-098-MN, 2018 WL 6629709, at *5 (D. Del. Dec. 19, 2018) (Noreika, J.) (noting that the plaintiff's generic cite to the defendants' website, without more, does not identify any

material that plausibly suggests induced infringement). Meta's opening brief in support of its Motion ignores these allegations.

Despite Meta's assertion that these allegations are "woefully deficient," the Federal Circuit has held similar allegations are sufficient to state a claim for indirect infringement. *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1355 (Fed. Cir. 2018) (holding that indirect infringement was sufficiently pleaded where the plaintiff had alleged that defendants "had knowledge of the [asserted patent] and performed various activities with specific intent to induce others … to infringe by, among other activities, providing instructions, support, and technical assistance for the use of the [accused products]"). As such, the Court should deny Meta's Motion with respect NovaCloud's allegations of indirect infringement.

**B.    NovaCloud has sufficiently pleaded direct infringement of the '206 and '333 Patents.**

Meta's Motion, with respect to NovaCloud's direct infringement of the '206 and '333 Patents, is a pre-discovery summary judgment motion disguised as a motion to dismiss. Meta improperly attempts to hold NovaCloud to a standard that is plainly not required at the pleading stage.

To sufficiently state a claim for direct infringement, which NovaCloud has, a plaintiff must plead facts that plausibly suggest that the accused product meets each limitation of the asserted claim(s). *TMI Sols. LLC v. Bath & Body Works Direct, Inc.*, No. 17-965-LPS-CJB, 2018 WL 4660370, at *9 (D. Del. Sept. 28, 2018) (Stark, J.). "[P]atentees need not prove their case at the pleading stage." *Bot M8 LLC*, 4 F.4th at 1346 (Fed. Cir. 2021). Importantly, "a plaintiff is not required to plead infringement on an element-by-element basis. Instead, it is enough that a complaint place the alleged infringer on notice of what activity … is being accused of

infringement." *AlexSam, Inc. v. Aetna, Inc.*, 119 F.4th 27, 35 (Fed. Cir. 2024) (quoting *Bot M8*, 4 F.4th 1342, 1352).

Despite the Federal Circuit's instruction that a plaintiff need not plead infringement on an element-by-element basis, Meta asks the Court to dismiss NovaCloud's direct infringement allegations with respect to the '206 and '333 Patents because NovaCloud allegedly "gloss[es] over multiple distinct limitations of claim 1," and "make[s] no attempt to explain how these limitations are met." D.I. 10, at 7-8; *see also* D.I. 10, at 9. Meta's arguments attempt to thrust a burden upon NovaCloud that is improper for the pleading stage.

In its Complaint, NovaCloud alleged "Meta has been and is now directly infringing" each of the Asserted Patents, and "[t]he Meta Accused Infrastructure and Services meet all the limitations of at least Claim 1 of the" Asserted Patents. D.I. 1, ¶¶ 62-63, 68-69, 74-75, 80-81, 86-87. Further, while not a necessary addition to sufficiently plead its allegations, NovaCloud went so far as to provide exemplary claim charts mapping a representative claim of each Asserted Patent to publicly available Meta documentation. *See* Exs. 6-10. In these charts, NovaCloud provided element-by-element mapping along with brief annotative commentary. *Id.* NovaCloud's exemplary claim charts, along with its well-pleaded allegations in its Complaint, far exceed the low pleading standard of plausibility. This is demonstrated by Federal Circuit case law in which less thorough allegations were held to be sufficient.

For example, in *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, the Federal Circuit reversed the district court's dismissal of plaintiff's direct infringement claims. 888 F.3d 1256 (Fed. Cir. 2018). There, the plaintiff's complaint identified the accused products and alleged that said products met "each and every element of at least one claim." *Id.* at 1260. Attached to the complaint was only copies of the asserted patents and photographs of the accused products. *Id.* at

1258. The Federal Circuit held these allegations were sufficient under the plausibility standard of *Iqbal* and *Twombly*. *Id.* at 1260. NovaCloud has also alleged that Meta's Accused Infrastructure and Services, which are identified in its exemplary claim charts, "meet all the limitations of at least Claim 1" of the Asserted Patents and attached the patents as exhibits to its Complaint. D.I. 1, ¶¶ 63, 69, 75, 81, 87; D.I. 1, Exs. 1-5. But while the plaintiff in *Disc Disease* attached mere photos of the Accused Products, NovaCloud went further and provided its exemplary claim charts mapping a representative claim of each Asserted Patent on an element-by-element basis. NovaCloud's additional efforts further push its allegations well beyond the low threshold pleading requirement of plausibility.

This Court has also held fact patterns similar to *Disc Disease* to be sufficiently pleaded. In *Promos Techs., Inc. v. Samsung Elecs. Co.*, this Court held the plaintiff's direct infringement allegations to be sufficiently pleaded where the plaintiff identified the accused products and alleged that each limitation of at least one claim in the asserted patents was practiced. No. 18-307-RGA, 2018 WL 5630585, at *4 (D. Del. Oct. 31, 2018) (Andrews, J.); *see also AgroFresh Inc. v. Hazel Techs., Inc.*, No. 18-1486-MN, 2019 WL 1859296, at *2 (D. Del. Apr. 25, 2019) (Noreika, J.) (holding that the plaintiff sufficiently pleaded direct infringement where the plaintiff's complaint identifies the accused products and alleges their infringement of a particular claim of the asserted patents).

NovaCloud has alleged that Meta's Accused Infrastructure and Services meet all the limitations of at least claim 1 of each Asserted Patent. This alone has been held by the Federal Circuit and this Court to be sufficient to satisfy the plausibility requirement of *Iqbal* and *Twombly*. Nonetheless, NovaCloud also provided exemplary claim charts that further provide Meta with notice of its allegedly infringing activity. *TMI Sols. LLC*, 2018 WL 4660370, at *9

(holding that the plaintiff's complaint combined with claim charts exceed the minimum requirements under Rule 12(b)(6), especially because the Federal Rules do not require a plaintiff to plead on an element-by-element basis); *DoDots Licensing* 2018 WL 6629709, at *2 (holding that the plaintiff sufficiently pleaded direct infringement where the plaintiff's complaint identified the accused products, alleged how use of said products meets each limitation of an exemplary asserted claim, and alleged the defendants' use of the accused products). Meta's assertions attempt to impose a higher burden upon NovaCloud are improper and seek to require NovaCloud to prove its case at the pleading stage. In accordance with Federal Circuit and this Court's case law, the Court should deny Meta's motion to dismiss NovaCloud's direct infringement allegations with respect to the '206 and '333 Patents.

    **1. Even if the Court evaluates NovaCloud's pleading on an element-by-element basis, NovaCloud has sufficiently pleaded direct infringement of the '206 Patent.**

  Even if the Court chooses to evaluate NovaCloud's allegations on an element-by-element basis, these allegations are sufficient. Meta asserts that NovaCloud does not sufficiently identify (1) an initial set of source descriptor files, and (2) a newly created set of multiple descriptor files using the source descriptor files and rules. D.I. 10 at 7. While not required to do so, NovaCloud provided an exemplary claim chart that explicitly alleges that "Meta receives source code descriptor files and associated adaptive bit rate segments for one or more master content files." D.I. 1, Ex. 8 at 4. NovaCloud further alleges "Meta receives rules to take into account device and user characteristics." *Id.* at 6. It is also alleged that Meta generates a "manifest [which] comprises a media presentation based on the media presentation from the source code descriptor files. The manifest is created based on the rules, such as taking into account the device and user characteristics, without transcoding the source descriptor files or generating new content files." *Id.* at 8. Each of these allegations must be accepted as true at the pleading stage. *Connelly*, 809

F.3d at 790. As such, while not necessary to do so at the pleading stage, NovaCloud has thoroughly pleaded Meta's infringement of the '206 Patent.

> 2. **Even if the Court evaluates NovaCloud's pleading on an element-by-element basis, NovaCloud has sufficiently pleaded direct infringement of the '333 Patent.**

Yet again, while not required to do so, NovaCloud has sufficiently pleaded allegations of Meta's infringement of the '333 Patent at an elemental level. Meta asserts that NovaCloud does not "identify the claim allocation requests in Meta's system," and "*how* [said] … allocation request … describes the application's demands on communication traffic in the datacenter." D.I. 10 at 9 (emphasis added). NovaCloud's exemplary claim charts indicate otherwise. For example, NovaCloud alleges Meta's system "receives requests for application deployment," D.I. 1, Ex. 9 at 1, which "include information about network requirements," *Id.* at 4. These allegations, which must be taken as true at the pleading stage, sufficiently plead the elements of the '333 Patent which Meta takes issue with. As such, NovaCloud has sufficiently pleaded Meta's infringement of the '333 Patent even at the elemental level.

## VI.   CONCLUSION

For the foregoing reasons, NovaCloud requests the Court deny Meta's Motion in its entirety. In the alternative, should this Court grant any portion of Meta's Motion, NovaCloud requests leave to amend its Complaint. *See* Fed. R. Civ. P. 15(a).

| | |
|---|---|
| Dated: August 21, 2025 | Respectfully submitted, |
| | FARNAN LLP |
| *Of Counsel*: | */s/ Michael J. Farnan* |
| | Brian E. Farnan (Bar No. 4089) |
| John B. Campbell | Michael J. Farnan (Bar No. 5165) |
| Stone A. Martin | 919 N. Market St., 12th Floor |
| MCKOOL SMITH, P.C. | Wilmington, DE 19801 |
| 303 Colorado Street Suite 2100 | Phone: (302) 777-0300 |
| Austin, TX 78701 | Fax: (302) 777-0301 |
| Telephone: (512) 692-8700 | bfarnan@farnanlaw.com |
| Facsimile: (512) 692-8744 | mfarnan@farnanlaw.com |
| jcampbell@McKoolSmith.com | |
| smartin@McKoolSmith.com | **ATTORNEYS FOR PLAINTIFF** |
| | **NovaCloud Licensing, LLC** |

Kevin Burgess
MCKOOL SMITH, P.C.
104 East Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9002
Facsimile: (903) 923-9099
kburgess@McKoolSmith.com

Clara Bourget
MCKOOL SMITH, P.C.
300 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: (213) 694-1200
Facsimile: (213) 694-1234
cbourget@McKoolSmith.com