IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NOVACLOUD LICENSING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 25-674 (MN) |
| | ) |
| META PLATFORMS, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

At Wilmington, this 20th day of February 2026;

WHEREAS, Defendant has moved to dismiss Plaintiff's claims of direct infringement as to U.S. Patent No. 8,949,206 ("the '206 patent") and U.S. Patent No. 9,654,333 ("the '333 patent") (Counts III and IV) and claims of indirect infringement under 35 U.S.C. § 271(b) as to all asserted patents, asserting Plaintiff has failed to state a claim;

WHEREAS, as Judge Andrews has recently stated (and this judge agrees), "it does not require much to plead a claim for direct patent infringement." *Vedanta Biosciences Inc. v. Series Therapeutics, Inc.*, No. 24-957 (RGA), D.I. 52 at 1 (D. Del. Feb. 3, 2026). "[I]t is enough that a complaint place the alleged infringer on notice of what activity is being accused of infringement." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021) (citation modified). "To adequately plead direct infringement, a plaintiff needs to plead facts that plausibly indicate that the accused products contain each of the limitations found in the claim." *TMI Sols. LLC v. Bath & Body Works Direct, Inc.*, No. 17-965 (LPS) (CJB), 2018 WL 4660370, at *9 (D. Del. Sept. 28, 2018);

WHEREAS, Plaintiff has alleged that Defendants' accused products and services meet all of the limitations of at least claim 1 of each Asserted Patent (*see* D.I. 1, ¶¶ 62-63, 68-69, 74-75,

1

80-81, 86-87) and the Complaint also includes claim charts, which identify the Accused Instrumentalities for at least one claim of the '206 patent and the '333 patent (*see* D.I. 1 at Exs. 8-9).  This is sufficient to state claims for direct infringement under the '206 patent and '333 patent;

WHEREAS, to survive a motion to dismiss an induced infringement claim, "a complaint must plead facts plausibly showing [(1)] that the accused infringer 'specifically intended [another party] to infringe [the patent] and [(2)] knew that the [other party]'s acts constituted infringement." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (quoting *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)).  Generally, alleging that Defendants "had knowledge of the [] Patent and performed various activities with the specific intent to induce others [] to infringe by, among other activities, providing instructions, support, and technical assistance" is enough to survive a motion to dismiss an induced infringement claim.  *Nalco Co. v. Chem-Mod LLC*, 883 F.3d 1337, 1355-56 (Fed. Cir. 2018); and

WHEREAS, here, the Complaint alleges that Defendant also actively, knowingly, and intentionally induces infringement of one or more claims of the [Asserted Patents]" (D.I. 1, ¶¶ 64, 70, 76, 82, 88) and that Defendant "has known of the [Asserted Patents] since at least February 26, 2024." (D.I. 1, ¶¶ 65, 71, 77, 83, 89).  Plaintiff also attaches to the Complaint claim charts that cite documentation purporting to show Defendant's instruction, support, and technical assistance for the use of Accused Instrumentalities (D.I. 1, Exs. 6-10).  This is sufficient at this stage to state a claim.

THEREFORE, IT IS HEREBY ORDERED that Defendant Meta Platforms, Inc.'s Motion to Dismiss for Failure to State a Claim (D.I. 9) is DENIED.

                                                         _/s/ Maryellen Noreika_
                                                         The Honorable Maryellen Noreika
                                                         United States District Judge